IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IL FORNAIO (AMERICA) CORPORATION, OLIVETO PARTNERS, LTD., and THE FAMOUS ENTERPRISE FISH COMPANY OF SANTA MONICA, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LAZZARI FUEL COMPANY, LLC, CALIFORNIA CHARCOAL AND FIREWOOD, INC., and CHEF'S CHOICE MESQUITE CHARCOAL,<br><br>Defendants.<br>_____/<br>DARBAR CUISINE, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEF'S CHOICE MESQUITE CHARCOAL, LAZZARI FUEL COMPANY LLC, CALIFORNIA CHARCOAL AND FIREWOOD, INC., and WILLIAM W. LORD,<br><br>Defendants.<br>_____/ | Nos. C 13-05197 WHA;<br>       C 13-05331 WHA<br><br>**ORDER APPOINTING ELIZABETH C. PRITZKER OF PRITZKER \| LAW AS INTERIM COUNSEL AND CONSOLIDATING CASES FOR ALL PURPOSES** |

**INTRODUCTION**

In two putative antitrust class actions involving mesquite charcoal, there are dueling motions for the appointment of interim counsel. For the reasons stated below, this order

**APPOINTS** Elizabeth C. Pritzker of Pritzker | Law as **INTERIM COUNSEL**. The two actions are also hereby **CONSOLIDATED** for all purposes, including trial.

## STATEMENT

Defendants are distributors of Mesquite Lump Charcoal for commercial food preparation and restaurant use in the United States. Mesquite charcoal is a charcoal made from the mesquite tree which grows primarily in Mexico and is often used for grilling foods (*Il Fornaio* Compl. ¶¶ 2, 3, 23).

In May 2012, the Department of Justice charged William W. Lord, owner of defendant Chef's Choice Mesquite Charcoal, in criminal antitrust proceedings (*Il Fornaio* Compl. ¶ 43; *Darbar* Compl. ¶ 3). In June 2012, William Lord pled guilty to the charges, paid a $100,000 fine, and served a four-month prison term (*Il Fornaio* Compl. ¶¶ 6, 41, 52; *Darbar* Compl. ¶ 3).

On November 2013, proposed interim counsel Pritzker | Law (and co-counsel Pearson, Simon & Warshaw, LLP) filed a 23-page putative class action complaint against three defendants, alleging "at least a ten-year conspiracy to fix, raise and/or stabilize prices, and allocate the market and customers in the United States for Mesquite Lump Charcoal" in violation of the Sherman Antitrust Act, 15 U.S.C. 1. *Il Fornaio (America) Corp., et al. v. Lazzari Fuel Company, LLC, et al.*, No. 3:13-cv-05197-WHA (N.D. Cal. Nov. 7, 2013). The following class was proposed:

> All persons in the United States who purchased Mesquite Lump Charcoal directly from any Defendant, and/or their subsidiaries and co-conspirators, during the period from and including January 2000 through at least September 30, 2011 (the 'Class Period').

(*Il Fornaio* Compl. ¶¶ 1, 8, 85).

Eight days later, proposed interim counsel Saveri & Saveri, Inc. (and co-counsel Bonsignore & Brewer) filed a nine-page class action complaint against the same three defendants and individual William W. Lord, alleging the same antitrust violations. *Darbar Cuisine, Inc. v. Chef's Choice Mesquite Charcoal, et al.*, No. 3:13-cv-05331-WHA (N.D. Cal. Nov. 15, 2013). The following class was proposed:

> All individuals and entities, who, during the period from approximately January 1, 2000 through at least September 30, 2010 (the 'Class Period'), purchased mesquite charcoal in the United

2

>States directly from the Defendants, their subsidiaries or their
>co-conspirator. Excluded from the Class are Defendants and their
>parents, subsidiaries, affiliates, all governmental entities, and
>co-conspirators.

(*Darbar* Compl. ¶ 13).

A November 2013 order by Magistrate Judge Corley related the two actions. On January 10, 2014, both actions were reassigned to the undersigned judge. January 2014 notices provided the factors to be evaluated for any proposed class settlement (*Il Fornaio*, Dkt. No. 29, *Darbar*, Dkt. No. 28).

On January 22, plaintiffs in *Il Fornaio* moved for the appointment of Elizabeth C. Pritzker of Pritzker | Law as interim counsel to act on behalf of the class in *Il Fornaio* and *Darbar*.

A January 27 order to show cause regarding consolidation, requested a joint statement regarding consolidation of the two related cases.

On February 5, plaintiff in *Darbar* moved for the appointment of Saveri & Saveri, Inc. as interim counsel and opposed the application filed in *Il Fornaio*.

The parties then filed a stipulation and proposed order regarding consolidation. All parties agreed to consolidation for pretrial purposes. The stipulation stated:

>The civil actions transferred to this Court or related to the actions
>already pending before this Court are consolidated for pretrial
>purposes only. Any actions later filed in, removed to, or transferred
>to this Court, or directly filed in the Northern District of California,
>will automatically be consolidated with this action without the
>necessity of future motions or orders. This consolidation does not
>constitute a determination that the actions should be consolidated
>for trial, nor does it have the effect of making any entity a party to
>any action in which he, she, or it has not been named, served, or
>added in accordance with the Federal Rules of Civil Procedure.

(*Il Fornaio*, Dkt. No. 45, *Darbar*, Dkt. No. 38).

On February 27, the parties in both related actions appeared for a case management conference and a hearing on their dueling motions for appointment of interim counsel.

**ANALYSIS**

**1.     APPOINTMENT OF INTERIM COUNSEL.**

A prerequisite to class action certification under FRCP 23 is that "the representative parties will fairly and adequately protect the interests of the class." This applies to the proposed named plaintiffs as well as the proposed counsel. FRCP 23(g)(4). FRCP 23(g)(3) permits designation of interim counsel to "act on behalf of a putative class." When there is more than one motion for the appointment of counsel, as here, FRCP 23(g)(2) states: "the court must appoint the application best able to represent the interests of the class." FRCP 23(g)(1) states the undersigned judge must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Between the applications of Pritzker | Law and Saveri & Saveri, Inc., this order finds Pritzker | Law best able to represent the interests of the putative class. The declaration of Elizabeth C. Pritzker shows the work counsel has done in identifying and investigating potential class claims since March 2013 (Pritzker Decl. ¶ 3). She and her firm conducted a series of interviews with a confidential insider, reviewed confidential information provided by the informant, researched publicly available documents regarding the criminal proceeding, and analyzed the market for mesquite lump charcoal (*id*. at ¶ 6). The 23-page complaint her firm filed demonstrates an attention to detail and quotes potentially relevant documents and transcripts from the criminal investigation (*Il Forniao* Compl. ¶¶ 34–43, 53, 54). Moreover, the complaint identifies potentially relevant market figures, *i.e.*, that defendants represent 75% of Mesquite Lump Charcoal distributors in the United States ("Lazzari – 42%; Chef's Choice – 19%; and California Charcoal – 14%, for a total of 75% of sales during that period") (*id*. at ¶¶ 27, 57). The nine-page *Darbar* complaint, by contrast, has no market share figures and does not cite any documents or transcripts from the criminal investigation. The declaration of R.

4

Alexander Saveri relies, instead, on vague statements of "investigating" the mesquite charcoal industry after the Department of Justice made a press release in June 2012, holding "conferences" with the Bonsignore & Brewer firm, and having lunch with Cliff Pearson and Bruce Simon (of co-counsel Pearson Simon in *Il Forniao*) in September 2012 (Saveri Decl. ¶¶ 5, 8–9). In September 2012, Rick Saveri forwarded a draft complaint to Bruce Simon (the complaint is not attached in this record) (*id*. Exh. 2). The "bare bones" complaint Mr. Saveri shared with Mr. Simon was not used in preparing the *Il Fornaio* complaint (Simon Decl. ¶ 3). New Hampshire-based Attorney Bonsignore, however, apparently discussed the Department of Justice press release with some unidentified attorneys and restaurant owners in Northern California, Nevada, and Illinois (Bonsignore Decl. ¶¶ 8, 9). Details from these conversations are not provided in the nine-page *Darbar* complaint. On balance, this order is more impressed with the work Prizker | Law has conducted in investigating potential class claims and drafting a detailed 23-page complaint.

  Both proposed firms have experience in antitrust class action litigation and knowledge of the applicable law. Elizabeth Pritzker identifies, *inter alia*, her two decades of legal experience, including court-appointed lead liaison counsel in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.), leadership in *In re Lithium Ion Rechargeable Batteries Antitrust Litigation*, MDL No. 2420 (N.D. Cal.), and work in *In re California Title Insurance Antitrust Litigation*, No. 08-01341 (N.D. Cal.) (Pritzker Decl. ¶¶ 9, 10, Reply 5). Alexander Saveri, for his part identifies, *inter alia*, his experience as sole interim counsel in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. Cal.), and leadership in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, MDL No. 1486 (N.D. Cal.) (Saveri Decl. ¶¶ 10, 11). He also notes that a former extern of the undersigned judge will be participating counsel (*id*. at ¶ 20). Given that both firms have experience in the antitrust class action field, this factor tends not to favor either firm, other than to say that Pritzker | Law has demonstrated more extensive research on the claims at issue in this putative antitrust class action.

Finally, this order considers the resources counsel will commit to representing the putative class. Both proposed interim counsel are located in San Francisco, although Saveri & Saveri's co-counsel, Mr. Bonsignore, is located in New Hampshire. Neither application identifies a proposed budget or fee structure. Instead, both applications affirm that they are "able and willing to commit the personnel, time, and resources necessary to litigate this case" (Br. 9, Opp. 10). Although Saveri & Saveri takes issue with the fact that Pritzker | Law is a newer firm with three attorneys, both motions suggest similar staffing structures. Pritzker | Law's motion states "[i]f appointed, most litigation tasks will be handled primarily by Ms. Pritzker, who will oversee work performed by one senior and one associate attorney" and specific tasks may be performed by Robert G. Retana, a senior trial attorney at Pearson, Simon & Warshaw, LLP" (Reply 1). Pearson, Simon & Warshaw, LLP has agreed to commit additional resources to assist in prosecuting the case, if needed (Simon Decl. ¶ 3). Mr. Simon and Mr. Retana work in San Francisco. At the hearing, Attorney Pritzker stated on the record that she had the resources to litigate this putative class action.

For their part, Saveri & Saveri's motion states that "Mr. Saveri and Mr. Hammarskjold will handle the day to day work of the case, and that Mr. Bonsignore will have primary responsibility for interacting with the client" (Opp. 10). Mr. Bonsignore works in New Hampshire and the principal place of business of Darbar Cuisine, Inc. is allegedly San Francisco (*Darbar* Compl. ¶ 8). On balance, that counsel for Pritzker | Law will be local and consolidated in San Francisco tends to slightly favor their application. The driving factor, however, is their superior research in investigating and drafting the putative class action complaint.

**2. CONSOLIDATION.**

The parties agree to consolidation for pre-trial purposes only. Their stipulation also seeks to "automatically" consolidate all later filed, removed, or transferred actions "without the necessity of future motions or orders." This order finds the request to automatically consolidate later actions premature as no showing has been made that any later filed or parallel actions pending in other districts or venues exist. Those future cases may well be consolidated for trial but that can be decided later.

6

On the other hand, this order finds that complete consolidation of the *Il Fornaio* and *Darbar* actions for pretrial and trial purposes is appropriate. Both actions involve common questions of law and fact. FRCP 42. Indeed, the parties have not articulated any persuasive reasons for ordering separate trials. FRCP 42(b) states that separate trials made be ordered for convenience, to avoid prejudice, or to expedite and economize. If anything, separate trials in these related putative antitrust class actions would increase class costs and unnecessarily complicate case management. Complete consolidation, including for trial, is thus appropriate.

## CONCLUSION

For the reasons stated, this order **APPOINTS** Elizabeth C. Pritzker of Pritzker | Law as **INTERIM COUNSEL**. No class has been certified yet, so it may be premature for any settlement discussions to occur. Nevertheless, there will be other tasks immediately necessary to be done on the discovery front. To be clear, no settlement discussions shall occur outside the supervision of Magistrate Judge Joseph C. Spero. This order also gently reminds interim counsel that, as usual, duplicative or excessive requests for attorney's fees will be looked upon with disfavor.

The two actions are also hereby **CONSOLIDATED** for all purposes, including trial. All filings shall be made in *Il Fornaio (America) Corp. et al. v. Lazzari Fuel Company, LLC, et al.*, Case No. 3:13-cv-05197-WHA, and deemed to have been filed in both actions.

**IT IS SO ORDERED.**

Dated: February 27, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE