IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IL FORNAIO (AMERICA) CORPORATION, OLIVETO PARTNERS, LTD. and THE FAMOUS ENTERPRISE FISH COMPANY OF SANTA MONICA, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LAZZARI FUEL COMPANY, LLC, CALIFORNIA CHARCOAL AND FIREWOOD, INC., CHEF'S CHOICE MESQUITE CHARCOAL, RICHARD MORGEN, ROBERT COLBERT, MARVIN RING, and WILLIAM W. LORD,<br><br>Defendants. | No. C 13-05197 WHA<br><br>**ORDER RE LAZZARI FINANCES AND OBJECTION BY NON-SETTLING DEFENDANTS** |

In this civil antitrust class action, a class was certified in October 2014. On October 24, class counsel filed a motion for preliminary approval of a partial class settlement with five of the seven defendants, noticed for December 4. Under the proposed settlement, one group of defendants would settle for substantially less than a second group of defendants. Specifically, the Lazzari defendants (Lazzari Fuel Company, LLC, Robert Colbert, and Richard Morgen) would pay $825,000. The second group of defendants (California Charcoal and Firewood, Inc. and Marvin Ring) would pay $1.55 million. Non-settling defendants Chef's Choice and William Lord filed an objection to the proposed settlement.

The difference in the proposed settlement amounts could be justified by the following three grounds: relative poverty, relative weakness of proof, and relative disparity of sales of

mesquite lump charcoal during the relevant time period.  (Sometimes but not always a discount is allowable to the first to settle, especially if valuable cooperation is involved.)

With respect to relative poverty, the Court, however, has no one's word on this other than that of the Lazzari defendants and a certified public accountant hired by class counsel. Since there is an objection to the proposed settlement, this order gives the non-settling defendants who have filed an objection an opportunity to take specific discovery into the alleged poverty of the Lazzari defendants.  All of the work papers and documents reviewed by Accountant Monica Ip and her report shall be turned over in advance of the below potential depositions.  Beyond those documents already gathered by the accountant, the Court will permit only the narrowest of further document discovery from the Lazzari defendants regarding their financial situation.  This does not mean no more document discovery on this point but that it should be reasonable and narrowly tailored.  The non-settling defendants who have filed an objection may take three-hour depositions of each of Lazzari Fuel Company, LLC, Richard Morgen, and/or Robert Colbert regarding their financial condition, and Accountant Ip, for a total of four potential depositions.

All of this must be done well in advance of the December 4 hearing so that it can be promptly presented to the Court.  All counsel are expected to cooperate, to expedite, and to be reasonable.  A supplemental brief (appending relevant transcripts and/or documents) may be filed by **DECEMBER 1 AT NOON**.  All existing deadlines remain in place, including the December 19 fact discovery deadline and the March 2015 trial date.

**IT IS SO ORDERED.**

Dated:  November 10, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2